# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 1:26-CV-4594 (RER)

JAIR ALEXIS BERNALES TORRES

VERSUS

GENALO, *ET AL*.

**MEMORANDUM & ORDER**

**RAMÓN E. REYES, JR., District Judge:**

Petitioner Jair Alexis Bernales Torres ("Petitioner" or "Mr. Bernales Torres") has petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1 ("Pet."); *see also* ECF Nos. 7 ("Gov't Opp'n") and 13 ("Pet. Reply")). For the reasons explained below, and at length in *P.A.G.C. v. Genalo, et al.*, No. 26-CV-6545 (RER), 2026 WL 3216694 (E.D.N.Y. Oct. 27, 2026), the Court GRANTS the petition.

Mr. Bernales Torres is a native and citizen of Peru, and a resident of Brentwood, Long Island. (Pet. ¶ 9). Nearly ten years ago, he was admitted to the United States at Newark, NJ, on a 180-day tourist visa. (ECF No. 7-1 ("Zabbia Decl.") ¶¶ 4–6, Ex. E).

On February 6, 2026, U.S. Immigration & Customs Enforcement ("ICE") Law Enforcement Support Center notified ICE that Mr. Bernales Torres had been arrested by Suffolk County Police Department and arraigned on a misdemeanor charge[1]; ICE then

[1] The charging document alleges that Petitioner "did place his hands around the neck of the victim . . . causing her difficulty in breathing." (Zabbia Decl., Ex. B). Petitioner was later charged with another

forwarded his information to ICE Enforcement and Removal Operation ("ERO") Fugitive Operations for further investigation. (Zabbia Decl. ¶¶ 7–8). On July 23, 2026, having established probable cause that Mr. Bernales Torres was removable from the United States, ICE issued an arrest warrant. (*Id*. at ¶ 10, Ex. D). One minute later, ICE issued a Notice to Appear ("NTA"). (*Id.* at ¶ 11, Ex. E).

Five days later, ICE arrested Mr. Bernales Torres in Brentwood, NJ, after a vehicular pursuit (*Id*. at ¶¶ 12–16). ICE then transported him to the Central Islip Hold Room, where he was detained under section 1226(a). (*Id*. at ¶ 16, Ex. F). Approximately two hours after the arrest, ICE conducted an initial custody determination and determined that Mr. Bernales Torres should be detained because he failed to establish that he did not pose a danger to persons or property. (*Id*. at ¶ 18, Ex. H). Mr. Bernales Torres requested an immigration judge review the custody determination. (*Id*. at Ex. G). ICE served the NTA on Mr. Bernales Torres (*id*. ¶ 19, Ex. E) and then transferred him to Nassau County Correctional Center, East Meadow, NY, where he remains detained under section 1226(a) (*id*. ¶ 20; Gov't Opp'n at 5).

On July 29, ICE filed the Notice of Custody Determination with the Executive Office for Immigration Review ("EOIR") (Zabbia Decl. ¶ 21, Ex. I) (containing EOIR timestamp).

---

misdemeanor offense for alleged possession of a forged automobile inspection sticker. (*id*., Ex. C). Those charges do not change the analysis because they are not qualifying crimes under section 1226(c), and the government maintains that his detention is governed by section 1226(a). 8 U.S.C. §§ 1226(a), (c).

The same day, ICE filed the Notice to Appear with EOIR. (Zabbia Decl. ¶ 22).[2] On July 30, EOIR set a master calendar hearing for August 7. (*Id*. ¶ 23).

The petition for habeas corpus was filed on July 29 by a next friend on behalf of Mr. Bernales Torres. That same day, the Court ordered Respondents to show cause why the writ should not be granted. (ECF No. 4). On August 8, the Respondents responded. On September 17, Petitioner's next friend filed a reply.

Petitioner argues that his arrest and detention should be considered under section 1226(a). (Pet. ¶ 22). The government agrees and affirms that Petitioner was arrested and detained under 1226(a) (Gov't Opp'n at 2), and continues to be detained under the same (*id*. at 3). Mr. Bernales Torres's pre-filing arrest and detention violated section 1226(a), *P.A.G.C.*, 2026 WL 3216694, at *2–9, and his continued detention is unlawful under section 1226(a)(1), *id*. at *9.[3] The Court declines to address the other constitutional and statutory claims raised by Petitioner because the statutory violations are sufficient to warrant release. *Id*. at *11–13.

---

[2] The filed NTA is not in the record.

[3] The lack of exigency here makes the violation even more egregious. ICE was notified of the misdemeanor charge in February 2026. Nearly six months later, ICE issued an arrest warrant. Five days later, it executed the warrant. And two days later, it filed the NTA with the immigration court. There is no plausible explanation why the government could not have simply complied with the statute and its implementing regulations: issue and serve the NTA, file the NTA, and then arrest and detain the Petitioner "pending a decision"; and then, "pending such decision," the government "may," after conducting an individualized custody determination, decide to "continue to detain the arrested alien" or release them on bond. *See* 8 U.S.C. § 1226(a)(1). Still, even a plausible explanation would not excuse the statutory violation. *P.A.G.C.*, 2026 WL 3216694, at *11 ("However inconvenient the government may find the statute's requirements, 'pleas of administrative inconvenience and self-serving regulations never 'justify departing from the statute's clear text.'") (quoting *Niz-Chavez v. Garland*, 593 U.S. 155, 169 (2021)).

## CONCLUSION

The petition for a writ of habeas corpus is GRANTED. Petitioner is to be released forthwith. Respondents are directed to file a letter regarding their compliance with this order by Thursday, October 29, 2026, by 1:00 P.M, and serve a copy of this Order to Petitioner at their address of record and note the service on the docket.

Once the notice of release is received by the Court, the Clerk of Court is respectfully directed to enter final judgment and close the case.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: October 28, 2026
Brooklyn, New York.